Per Curiam.

If a party whose disability is saved by any statute of limitations, chooses to bring a suit pending the disability, instead of waiting for the period allowed by law after disability removed, he does not thereby waive the benefit of the saving clause in the statute. Thus it was decided in Chandler v. Villette, (2 Saund. 120.) that if an infant brought an action of assumpsit during his infancy, but after six years from the time the cause of action arose, and the defendant pleaded the statute of limitations, it would be a good replication, that when the cause of action arose, and when the suit was brought, the plaintiff was, and still is, an infant. The plaintiff may sue at any time within age, although the six years are elapsed. Upon the principle of that decision, the limitation in the# act relative to the military bounty lands, as to the time of bringing the action, cannot be set up against such of the lessors of the plaintiff as ar e femes coverts, and were such when the award was made; their reply would be the same as in the other case, that they were, and still are,/ernes coverts; and the statute provides (sess. 20 c. 51.) “ that nothing in the act contained, should extend or be construed to the prejudice of any person • under the age of twenty-one years, or feme covert, See. ; if such person shall, within three years after coming to the age of twenty-one years, becoming discovert, Sec. make their dissent, and bring . their suit, and prosecute the same to effect as aforesaid.”
*417 But the difficulty in the way of the recovery is, that here no dissent has been filed, either by the femes coverts or by their husbands.
The filing of the dissent, within the period of limitation, seems to be requisite, by the act, to entitle the party to recover. It was so understood by the court, in the case of Jackson, ex dem. Cornelius, v. M‘Kee. (8 Johns. Rep. 429.) The party against whom the award was made, was, by the terms of the act, to file his dissent and bring his suit within the period prescribed. The filing of the dissent is a condition precedent to the right of recovery. It was a necessary act, because the statute required it; and if a feme covert will bring the ejectment during her disability, she must comply with the condition upon which the action was granted; she must previously put her dissent upon record. This she may still do and recommence her suit. The plaintiff ought, therefore, to have been nonsuited at the trial, and the award was not, in any other sense, a bar to the action. The omission of the husband to file a dissent within the two years, was not a default affecting the wife, so as to bar her right of action, either during the coverture or subsequent to it. The default of the husband cannot work any prejudice to the wife’s interest 5 for the act declares, that nothing in it should be construed to the prejudice of persons under disability. But upon the case as stated, the plaintiff was not entitled to recover, and the wife is necessarily turned round to a new action; and to entitle her to sustain it, she must, either by herself, or by her husband in her name and behalf, previously cause her dissent to the award to be duly entered.
The motion on the part of the plaintiff to set aside the verdict is denied.
Motion denied.